UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL ALLAN MUSTO, et al.,

        Plaintiffs,                  Case No. 2:25-cv-10869

v.                                        Honorable Susan K. DeClercq
                                            United States District Judge

RELIASTAR LIFE INSURANCE
COMPANY, et al.,

        Defendants.
_____/

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND (ECF No. 7)
AND REMANDING CASE**

      This case presents the question of whether federal courts may exercise diversity jurisdiction where plaintiffs assert the amount in controversy is exactly $75,000, at least as pled, but defendants contend that the actual amount in controversy exceeds that figure. Upon careful review, this Court finds no basis for jurisdiction and remands the matter to state court.

## I. BACKGROUND

      Samuel Musto is the trustee of the Angela M. Kleszics Living Trust. At some point, the Trust purchased a "flexible-premium-adjustable life-insurance policy," ECF No. 9-1 at Page.ID 97, (also known as a "universal life-insurance policy") on the life of Harold Thomas. ECF Nos. 6 at PageID.50; 9-2 at PageID.121. Under the

policy's terms, a face value of $75,000 would be payable to the Trust upon Thomas's death.

The Trust originally purchased the policy from ING Security-Connecticut Life Insurance Company on the life of Harold Thomas in the amount of $75,000 payable to the Trust on Thomas's death. ECF No. 1 at PageID.10. ING Security-Connecticut Life then sold the policy to Resolution. *Id.* During the time it owned the policy, Resolution would notify the Plaintiffs each year of its premium charges. *Id.* While receiving these notifications, the Trust made all the premium payments necessary to maintain the policy. *Id.*

But sometime later, Resolution Life Insurance sold the Policy to ReliaStar Life Insurance, and Plaintiffs allege they were never notified of this sale. *Id.* That failure to notify caused Plaintiffs to not pay the annual premiums, which resulted in ReliaStar canceling the policy. *Id.* at PageID.11.

Believing the policy to have been wrongly canceled, Musto and the Trust (collectively "Musto") sued Resolution and ReliaStar in state court for breach of contract, unjust enrichment, misrepresentation, and declaratory relief. *See generally* ECF No. 1 at PageID.9. As for remedies, Musto requested a declaratory judgment determining the policy as remaining in full force and effect. He also requested $750,000 in damages. *Id*. at PageID.15.

Consequently, Defendants removed the case to federal court under 28 U.S.C. § 1441, citing diversity jurisdiction under 28 U.S.C. § 1332. ECF No. 1 at PageID.2. In turn, Musto filed an amended complaint and a motion to remand. ECF Nos. 6; 7. The amended complaint clarifies that Musto seeks only $75,000 in damages (i.e., the policy's face value), not $750,000.[1] ECF No. 6 at PageID.55. And in his one-page motion, Musto argues that remand is proper because this amount falls below the amount-in-controversy requirement for diversity jurisdiction. ECF No. 7 at PageID.57.

Defendants respond that removal is proper because the amount in controversy more likely than not exceeds $75,000. ECF No. 9. In support of their argument, Defendants offer the declaration of an operations manager at ReliaStar, who is familiar with Musto's policy. ECF No. 9-2. The operations manager declares that any amount payable under the policy is subject to contractual interest, which would be calculated from the date of the insured's death until the date that the proceeds are paid out. *Id.* at PageID.122. The specific interest rate that would apply to the proceeds payable is 3.5%. Thus, with a face value of $75,000, interest of around $7.00 per day would accrue from the date of death until the policy is paid out. Further, for the policy to be paid out, the claimant must produce and submit a copy

---

[1] It does appear that the $750,000 demand in the original complaint was a Scrivner's error. *Compare* figures in ECF No. 1, PageID.12-14, paragraphs 24, 28, 32, & 36, *with* judgment request at PageID.15. Accordingly, this Court will treat it as such.

of the insured's death certificate to ReliaStar. This requirement makes it impossible for a claim to be approved on the same date of the insured's death, which means at least some interest is sure to accrue.

On July 8, 2025, this Court held a hearing on Plaintiffs' motion. ECF No. 10. At that hearing, Plaintiffs confirmed that their suit is for no more than $75,000 exactly, plus contractual interest as a matter of course. This Court also learned that Thomas, the man whose life the policy covered, is still alive.

## II. LEGAL STANDARD

Federal courts may exercise diversity jurisdiction only where, among other conditions, "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). This so-called "amount-in-controversy" requirement has existed since the first Congress. *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 823 (6th Cir. 2006) (citing Judiciary Act of 1789, 1 Stat. 73, 78), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Then, as now, Congress has required that the amount-in-controversy "exceeds" a certain threshold. *Id.* This requirement, courts have observed, is "one means by which Congress has sought to limit access to federal courts." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158–59 (6th Cir. 1993) (citing scholarly commentary and legislative history), *abrogated on other grounds by Hertz*, 559 U.S. 77. The Sixth Circuit Court has long held that the party seeking removal to federal court

bears the burden of establishing that the federal district court "would have had original jurisdiction over the matter" if the plaintiff had "chosen to file the case in federal court in the first instance." *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 468 (6th Cir. 2019).

"[I]n certain contexts," including removal, district courts must "look behind the pleadings to ensure that parties are not improperly creating or destroying diversity jurisdiction." *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 174 (2014) (citing *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 179–80 (1907)). Indeed, in some states pleading damages below the jurisdictional threshold does not automatically preclude removal. *See Gafford*, 997 F.2d at 158–59. Rather, defendants may still remove the action if they show that it is "more likely than not" that the plaintiff's damages exceed $75,000. *Id.*; *see also* 28 U.S.C. § 1446(c)(2) (permitting defendant, rather than plaintiff, to assert amount in controversy when state "permits recovery of damages in excess of the amount demanded"; and permitting removal when court finds, by preponderance of the evidence, that damages exceed $75,000). Michigan is one such state that allows plaintiffs to "seek and recover damages exceeding the amount prayed for." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). Specifically, "every final judgment," save for default judgments, "may grant the relief to which the party

in whose favor it is rendered is entitled, *even if the party has not demanded the relief in his or her pleadings*." Mich. Ct. R. 2.601(A) (emphasis added).

A district court's evaluation of subject matter jurisdiction is further guided by two principles. First, "the plaintiff is master of the claim." *Gafford*, 997 F.2d at 157. This means that, as pleaded, "a claim specifically less than the federal requirement should preclude removal." *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938) ("If [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.")). Second, federal courts must remember that they are courts of limited jurisdiction. *See Siding and Insulation Co., Inc. v. Acuity Mut. Ins. Co.*, 754 F.3d 367, 373 (6th Cir. 2014) ("[A]s the Supreme Court has often reminded, federal courts 'possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'" (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994))). From this second principle, two other axioms follow. One, "the parties enjoy no more discretion to expand our bailiwicks than we do." *Id.* at 373–74 (collecting cases). Two, "the removal statute should be strictly construed and all doubts resolved in favor of remand." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006) (quoting *Brown v. Francis*, 75 F.3d 860, 864–65 (3d Cir. 1996)).

## III. ANALYSIS

In this case, Plaintiffs' complaint seeks *only* $75,000. *See* ECF No. 1 at PageID.12–15; ECF No. 6; ECF No. 7 at PageID.57 (confirming that the suit "is not for more than $75,000 exclusive of interest, costs, and attorney fees"). This does not satisfy the statutory amount-in-controversy requirement as strictly construed because $75,000 equals rather than "*exceeds*" $75,000. 28 U.S.C. § 1332(a) (emphasis added); *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 252–53 (6th Cir. 2011) ("[I]n this case the amount in controversy is $75,000 exactly—one penny short of the jurisdictional bar that Congress has set."). Thus, as the "master of the claim," this is a strong indication that Plaintiffs are entitled to remand. *See Gafford*, 997 F.2d at 157.

Looking "behind the pleadings," however, Defendants counter that "the payment that would be owed if [the insured] passed away while the Policy was in effect would almost certainly exceed its $75,000.00 face value." ECF No. 9 at PageID.91. Specifically, Defendants explain that "[b]ecause the Policy is not currently in force, an additional premium of $18,411.24 would have to be paid to reinstate the Policy." *Id.* at PageID.92 (citing ECF No. 9-2 at PageID.121–22). Defendants further explain that "[t]he Policy provides that any proceeds would be subject to contractual interest, which runs from the date of the insured's death through the date payment is issued." *Id.* at PageID.93. And contractual interest—

unlike post-judgment interest, costs, and fees—should not be excluded from the amount-in-controversy calculation according to Defendants. *Id.* (citing *Edwards v. Bates Cnty.*, 163 U.S. 269 (1896)).

Although Defendants' explanation for why the policy proceeds will exceed the amount-in-controversy threshold is plausible, Defendants' argument directly conflicts with the Supreme Court's guidance that a plaintiff "may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." *St. Paul Mercury Indem. Co.*, 303 U.S. at 294. Plaintiffs have done just that in this case—they filed a complaint seeking exactly $75,000, not any interest that could possibly be owed should the insured pass or the policy be reinstated, and they subsequently confirmed as much. *Cf. Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167 (6th Cir. 1975) (per curiam) (remanding with instructions to dismiss complaint for want of jurisdiction where plaintiff sought exactly the amount-in-controversy threshold and did not expressly seek additional damages that were potentially available); ECF No. 7 at PageID.67 (confirming that the suit "is not for more than $75,000 exclusive of interest, costs[,] and attorney fees"). Thus, Defendants' argument is unpersuasive.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiffs' Motion to Remand, ECF No. 7, is **GRANTED**.

Further, it is **ORDERED** that the above-captioned case is **REMANDED** to the Washtenaw County Circuit Court.

**This is a final order and closes the above-captioned case**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: October 20, 2025